UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI, | No. 2:15-cv-02615-TLN-EFB |
| Plaintiff, | |
| v. | ORDER |
| TERRY, et al., | |
| Defendants. | |

Plaintiff, a former state prisoner proceeding *pro se* and *in forma paurperis*, filed this action seeking relief under 42 U.S.C. § 1983.  Prior to answering the complaint, Defendants filed a Motion to Declare Plaintiff a Vexatious Litigant and Requiring Security.  (ECF No. 14.)  On November 16, 2016, the Magistrate Judge issued an order deferring resolution of the motion and directing Defendants to file a responsive pleading or to file a motion under Federal Rule of Civil Procedure 12 or 56.  (ECF No. 20 at 2.)  Defendants filed an Objection which this Court interprets as a Motion to Reconsider.  (ECF No. 21.)

Pursuant to Local Rule 303(f), a magistrate judge's order shall be upheld unless "clearly erroneous or contrary to law."  *Id*.  Upon review of the entire file, the Court finds that it does not appear that the Magistrate Judge's ruling was clearly erroneous or contrary to law.

////

1   A federal court has broad and inherent power to manage litigation on its docket "to
2   achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.,* 370 U.S.
3   626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)); *Van Bronkhorst v. Safeco Corp.,* 529 F.2d
4   943, 951 (9th Cir.1976); *Morning Star Packing Co. v. S.K. Foods, L.P.*, No. 2:09-CV-00208-
5   KJM, 2015 WL 3797774, at 3 (E.D. Cal. June 18, 2015).  Local Rule 151(b) adopts the
6   provisions of the California Code of Civil Procedure relating to vexatious litigants, and provides a
7   basis on which the Court may declare a party a vexatious litigant and require that party to post
8   security, but expressly does not limit the power of the Court.  *Id*.  Local Rules supplement and are
9   administered consistently with and subordinately to the Federal Rules of Civil Procedure.  (Local
10  Rule 100(c).)

11  Defendants' motion argues that Plaintiff's claims are time barred, factually without merit,
12  barred by qualified immunity, and thus is not likely to prevail on the merits.  (ECF No. 14-1 at 1–
13  2.)  Defendants' motion requires the Court to examine the merits of Plaintiff's complaint, and
14  possibly extrinsic evidence, to determine whether to grant the motion and require Plaintiff to post
15  security in the amount of $19,975.00.  (ECF No. 14-1 at 8–12.)  Plaintiff is indigent.  (ECF No.
16  8.)  An order requiring Plaintiff to post security would effectively terminate the case.

17  The Magistrate Judge detailed the filings required before taking a case dispositive step.
18  (ECF No. 20 at 1–2.)  Defendants objected that the order undermines the purpose of the vexatious
19  litigant statute and Local Rule 151 and that filing their motion was the more efficient use of
20  Defendants' resources.  (ECF No. 21 at 3.)  While the Court may decide motions filed under
21  Local Rule 151(b) prior to a defendant filing an answer or motion under Rule 12 or 56, the Court
22  is not required to do so.  (Local Rule 151(b).)  The Court has determined that the best use of its
23  judicial resources will be achieved by deferring ruling on the motion until it receives further
24  briefing on the potentially case dispositive issues raised by Defendants in the form of either a
25  responsive pleading or a motion, as prescribed by the Federal Rules of Civil Procedure.  (ECF
26  No. 20 at 1–2.)

27  Upon review of the entire file, the Court finds that it does not appear that the Magistrate
28  Judge's order was clearly erroneous or contrary to law.

Accordingly, IT IS HEREBY ORDERED that:

1. Within 30 days from the date of this order, Defendants shall file a responsive pleading or motion in accordance with Rule 12 (or if appropriate Rule 56);

2. Ruling on Defendants' Motion for an Order Declaring Plaintiff a Vexatious Litigant (ECF No. 14) is deferred pending receipt of Defendants' Answer and resolution of any Rule 12 or Rule 56 motion. The Clerk shall terminate ECF No. 14. With any answer, Defendants may file a notice of renewal.

Dated: February 13, 2017

Troy L. Nunley
United States District Judge