UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TERRY, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-2615-TLN-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in an action brought under 42 U.S.C. § 1983. He generally alleges that defendants were deliberately indifferent to his safety and medical needs in violation of the Eighth Amendment. ECF No. 1 at 3–4.

Defendants move to dismiss on the ground that his claim is barred by the statute of limitations. ECF No. 24. Upon careful review of the record, it is recommended that the motion to dismiss be granted.

**I.　Background**

**　　A.　Factual Allegations**

On December 19, 2011, plaintiff was transferred to Deuel Vocational Institute. On that day, he notified prison officials that he was claustrophobic. ECF No. 1 at 3. Despite this "well proven disability," he "was placed in a small 3 ft. by 3 ft. holding cage for six hours." *Id.* There,

1

he passed out and suffered multiple panic attacks. He asked to leave the cage, but defendants refused to accommodate his requests and mocked him. *Id.* at 3–4. Furthermore, he "was denied any sedatives . . . or ice packs for the bumps on [his] head caused by passing out and being held up by the cage." *Id.* at 4. Moreover, defendants failed to give him his "prescribed meds." *Id.*

### B. Procedural Background

On December 17, 2015, plaintiff filed this lawsuit. *See generally id.* The court screened the complaint and found that he stated a potentially cognizable Eighth Amendment claim. ECF No. 8 at 1. Defendants moved for an order declaring him a vexatious litigant and requiring him to post security. ECF No. 14. As that motion necessarily required consideration of whether the complaint failed to state a claim, the court deferred ruling on this motion and ordered the defendants to file a responsive pleading under Rule 12. ECF No. 20 at 2. Defendants objected to that order, ECF No. 21, and their objections were overruled, ECF No. 22.

On March 15, 2017, defendants finally moved to dismiss for failure to state a claim. ECF No. 24. They argue that plaintiff's claim is time-barred because he "did not file suit until four years after the alleged injury[] and three years after his release on parole." ECF No. 24-1 at 1. Further, they assert that he "is not entitled to tolling after his release from prison." *Id.*

Plaintiff has opposed the motion, arguing that he was on parole for three years after his release from prison and that this "status" tolled the statute of limitations. ECF No. 29 at 3. Thus, in his estimation, he had until December 19, 2015 to file this lawsuit. *Id.* at 4.

## II. Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63, 570 (2007) (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of his claims that would entitle him to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Instead,

the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citation omitted). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted).

The complaint's factual allegations are accepted as true. *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 (9th Cir. 1984) (citations omitted). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) (citation omitted). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987)). The court also may consider matters of public record. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (citations omitted). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994) (citations omitted). Nor must the court accept unreasonable inferences or unwarranted deductions of fact. *Sprewell*, 266 F.3d at 988 (citation omitted).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court has an obligation to construe such pleadings liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (per curiam).

/////

**III. Legal Analysis**

    **A. Request for Judicial Notice**

Defendants filed a request for judicial notice to support their motion to dismiss. ECF No. 25. They request the court to take notice of the following categories of information: (1) CDCR records showing plaintiff's incarceration history, including his parole date; (2) PACER records showing civil rights lawsuits that he has filed in federal district court; and (3) PACER records showing appeals that he has filed in the Ninth Circuit. Plaintiff has not opposed this request. Having carefully reviewed these records, the court finds that their accuracy is not subject to reasonable dispute. Accordingly, the request for judicial notice is granted. *See* Fed. R. Evid. 201(b)–(c).

    **B. Motion to Dismiss**

"In determining the proper statute of limitations for actions brought under 42 U.S.C. § 1983, [courts] look to the statute of limitations for personal injury actions in the forum state." *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004) (citation omitted). The limitations period for such actions in California is two years. *Id.* (citing Cal. Civ. Proc. Code § 335.1).

Federal law determines when a cause of action accrues and the statute of limitations begins to run under § 1983. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) (citations omitted). "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Clark*, 796 F.3d at 1025 (citations omitted). "Thus, [a]n action ordinarily accrues on the date of the injury." *Id.* (alteration in original).

Although federal law governs when a claim accrues under § 1983, courts apply the forum state's laws regarding tolling unless they are inconsistent with federal law. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (citation omitted). Under California law, the two-year limitations period for personal injury actions is tolled for up to two years when, "at the time the cause of action accrued," the plaintiff was "imprisoned on a criminal charge . . . for a term less than life[.]" *See* Cal. Civ. Proc. Code § 352.1(a). However, when the inmate is released on parole, the statute of limitations begins to run. *Wertheimer v. City of Fremont*, D.C. No. CV-96-

01188-TEH, 1998 WL 536834, at *1 (9th Cir. Aug. 21, 1998) (citing *Deutch v. Hoffman*, 165 Cal. App. 3d 152, 156 (Cal. Ct. App. 1985)).

Here, plaintiff's claim is time-barred. The cause of action accrued on December 19, 2011, i.e., the date of his alleged injuries. Yet he did not file this lawsuit until December 17, 2015, nearly four years later. True, he was incarcerated when the cause of action accrued, which tolled the two-year limitations period until his release on parole. However, the noticed records show that he was released on parole no later than October 8, 2012, ECF No. 25 at 7, 16, and that fact is not disputed, ECF No. 29 at 2. Yet plaintiff filed this lawsuit more than three years after this date. Accordingly, his claim is time-barred and must be dismissed. *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) ("When an affirmative defense is obvious on the face of a complaint, . . . a defendant can raise that defense in a motion to dismiss.").

Plaintiff's argument that his claim did not accrue until his parole ended is inaccurate. The claim accrued in December 2011 and the statute of limitations started to run in October 2012, i.e., when "he was *first* released on parole." *Wertheimer*, 1998 WL 536834, at *1 (emphasis added); *see also Guerrero v. Gates*, 110 F. Supp. 2d 1287, 1291 (C.D. Cal. 2000) (stating that § 352.1(a) tolls claims for up to two years "until" release from custody). Furthermore, plaintiff vaguely suggests that his status as a parolee and pro se litigant prevented him from filing this lawsuit on time. *See* ECF No. 29 at 5–18. But the noticed facts show that he has filed multiple lawsuits since he was released on parole. *See, e.g.*, ECF No. 25 at 35–85. Hence, this argument fails.

**IV. Conclusion**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 24) be granted;
2. All outstanding motions be denied; and
3. The Clerk be directed to close the case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: September 21, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE